UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO QUINTERO MERCADO, <br><br> Petitioner, <br><br> v. <br><br> KATHLEEN MENDOZA-POWERS, <br><br> Respondent. | 1:04-cv-06070-OWW-TAG HC <br><br> REPORT AND RECOMMENDATION TO DISMISS AMENDED PETITION FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM <br><br> (Doc. 7) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner's original petition was erroneously filed in the U.S. District Court for the Northern District of California on July 28, 2004. The petition was transferred by court order to the Eastern District of California and received on August 9, 2004. (Doc. 1). On October 12, 2004, the Court ordered Petitioner to file an amended petition because he had failed to state cognizable federal claims and he also had failed to show that his claims were exhausted in state court. (Doc. 6). Petitioner filed an amended complaint on November 15, 2004. (Doc. 7). The court construed the "amended complaint" as an amended petition because it is a standard 28 U.S.C. § 2254 petition for writ of habeas corpus.

1  On December 14, 2004, the Court issued an order to show cause why the amended petition
2  should not be dismissed for failure to exhaust claims. (Doc. 8).  Petitioner submitted additional
3  evidence which the Court deemed insufficient; subsequently, on January 25, 2005, the Court issued a
4  Findings and Recommendation that the petition be dismissed on exhaustion grounds. (Doc. 10).
5  On April 14, 2005, the District Judge partially adopted the Findings and Recommendation, ordering
6  Petitioner to submit further proof of exhaustion. (Doc. 12).  On May 16, 2005, Petitioner complied
7  with that order by submitting additional information regarding exhaustion of his claims. (Doc. 13).
8  On May 23, 2005, the District Judge, indicating that it appeared that Petitioner may have exhausted
9  his claims,  referred the case back to the Magistrate Judge for further proceedings. (Doc. 14).
10  For purposes of a preliminary review pursuant to Rule 4 of the Rules Governing § 2254
11  Cases, it now appears to the undersigned Magistrate Judge, based upon the supplemental information
12  provided by Petitioner, that the two claims contained in the amended petition may be fully
13  exhausted.  However, because those claims do not state cognizable federal violations, the Court is
14  going to recommend again that the amended petition be dismissed.

**DISCUSSION**

16  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review
17  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears
18  from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules
19  Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court
20  will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A
21  preliminary review of the claims contained in the amended petition reveals that they do not state
22  cognizable federal claims.
23      A.  Procedural Grounds for Summary Dismissal
24  Rule 4 of the Rules Governing § 2254 Cases provides in pertinent part:
25  If it plainly appears from the face of the petition and any exhibits annexed to
   it that the petitioner is not entitled to relief in the district court, the judge shall
26  make an order for its summary dismissal and cause the petitioner to be notified.
27  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of
28  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

2

dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of § 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, a petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Petitioner raises two claims in the amended petition. Petitioner fails to state a cognizable federal claim as to either of the claims in the amended petition. Petitioner does not sufficiently allege a violation of the United States Constitution or federal law, nor does he argue that he is in custody in violation of the United States Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law,...or resulted in a decision that was based on an unreasonable determination of the facts...." 28 U.S.C. § 2254.

///
///
///

1. Ground One.

In Ground One, Petitioner argues that the trial court erred in imposing the maximum eight-year sentence under a plea agreement whose terms Petitioner concedes included a sentencing "lid" of eight years. (Doc. 7, Arg. I). As framed, Ground One alleges a state law sentencing error. Issues of state law sentencing errors generally are not cognizable on federal habeas review unless the petitioner claims a deprivation of due process or equal protection due to the misapplication of the sentencing law. See Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993), cert. denied, 115 S.Ct 290 (1994); Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir. 1991); Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (holding that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); Miller v. Vasquez, 868 F. 2d 1116, 1118-19 (9th Cir. 1989) (refusing to address sentence enhancement claim).

Petitioner attempts to state a federal claim by alleging in the caption of Ground One that the trial court's imposition of the maximum sentence permitted by the plea agreement violated Petitioner's "due process" rights. (Id.). However, Petitioner's broad and generic assertion does not transform this claim into a federal one. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion).

In Ground One, Petitioner contends that the state court erred in imposing the maximum eight year sentence under a plea agreement which called for an eight year "lid." Petitioner does not contend that the sentence was enhanced to eight years based on materially false or unreliable information or by a conviction infected by constitutional error. Nor does Petitioner contend that the eight year lid of the plea agreement exceeded state law. At most, Petitioner contends that he was not adequately informed what his sentence would be if he pled guilty and that the state court, in

4

exercising its sentencing discretion, should have imposed a term less than the maximum permitted by the plea agreement. Petitioner concedes he was told the court could impose an eight year sentence as part of his plea agreement. However, he contends he "was advised" he would receive a middle term of four years. Instead, he was sentenced to an upper term five years on the base offense[1] plus three years on an enhancement, for a total sentence of eight years.[2] The state court abstract of judgment attached to the amended petition reflects that the state court imposed a sentence that was within the parameters of both the plea agreement, i.e., "an 8 year lid," as well as California's statutory penalty provisions.

There is, therefore, nothing misleading nor fundamentally unfair about the eight year sentence Petitioner received and the eight year sentence he was advised the state court could impose. Notwithstanding his invocation of a "due process" violation, Petitioner cites no authority that the circumstances discussed above, even if violative of state law, would rise to the level of a due process violation under the United States Constitution. A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner. Accordingly, Ground One fails to state a cognizable federal claim.

2. <u>Ground Two</u>.

In Ground Two, Petitioner alleges that his eight year sentence was "excessive" because Petitioner never agreed in the plea agreement to a factual basis for the drug enhancement. (Doc. 7, Arg. II). Petitioner also contends that he "was eligible for proposition 36 yet the court elected not to entertain that option." (<u>Id</u>.). Both of these issues are questions of state law. They implicate no federal constitutional guarantees, and indeed, Petitioner makes no contention whatsoever of a federal

---

[1] The state court records attached to the amended petition reflect that Petitioner pleaded "no contest" and was found guilty of a violation of California Health & Safety Code § 11352(a). The sentencing "triad" in § 11352(a) is three, four and five years.

[2] The state court records attached to the amended petition reflect that Petitioner admitted to a prior conviction pursuant to California Health & Safety Code § 11379(a), and the state court found the prior conviction allegation to be true. The enhancement provision of § 11379(a) is three years.

constitutional violation regarding Ground Two.  Even assuming, arguendo, that Petitioner has stated a violation of California law in Ground Two, a state court's exercise of discretion to sentence Petitioner to the maximum permitted by the plea agreement and state law, or the state court's failure to sentence Petitioner to a drug rehabilitation program instead of state prison, do not implicate any federal constitutional rights.  Accordingly, Ground Two is not a cognizable basis for federal habeas relief.   Estelle v. McGuire, 502 U.S. at 68.

  C.  Summary.

  In its previous order requiring Petitioner to file an amended petition, the Court advised Petitioner that these two claims, as pleaded in the original petition, did not state a cognizable federal claim. (Doc. 6, p. 3).  The Court also advised Petitioner that, while the claims "might arguably raise constitutional violations" if properly pleaded,  the claims alleged in the original petition were conclusory, unsupported by any authority, and wholly deficient in identifying a federal constitutional violation. (Id.).  Finally, Petitioner was warned that failure to properly state federal claims in the amended petition would result in the dismissal of his amended petition.  (Id.).  These same claims, as presently framed in the amended petition, suffer from the same deficiencies as those in the original petition.

  For the foregoing reasons, the amended petition fails to present claims that allege cognizable federal or constitutional violations.  Therefore, the Court will recommend that the amended petition be dismissed for failure to state a cognizable federal claim.

## RECOMMENDATION

  For the foregoing reasons, the Court HEREBY RECOMMENDS that the amended petition for writ of habeas corpus (Doc. 7) be DISMISSED for failure to state a cognizable federal claim.

  This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail)

1  after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to
2  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
3  time may waive the right to appeal the order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
4  (9th Cir. 1991).

6  IT IS SO ORDERED.
7  **Dated:    July 1, 2005**              /s/ Theresa A. Goldner
   j6eb3d                        UNITED STATES MAGISTRATE JUDGE